Edmund D. Lai v. Commissioner.
Lai v. Commissioner
Docket No. 91764.
United States Tax Court
T.C. Memo 1962-87; 1962 Tax Ct. Memo LEXIS 220; 21 T.C.M. (CCH) 477; T.C.M. (RIA) 62087; April 20, 1962
*220 Edmund D. Lai, pro se, 766 Mandana Blvd., Oakland, Calif. Leslie M. Hartman, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion MURDOCK, Judge: The Commissioner, in determining a deficiency of $274.31 for 1957, made only one adjustment, the disallowance of dependency credits for the two minor children of the petitioner, and that action is the only issue in this case. Findings of Fact The petitioner filed his individual income tax return for 1957 with the director of Internal Revenue at San Francisco, California. He reported thereon wages of $6,222.40 and claimed dependency credits for his two children, Russell, aged 10, and Corrine, aged 7. The Commissioner, in determining the deficiency, disallowed these credits because "you have not established that you furnished more than half of their support for that year". Dorothy, the mother of the two children, was granted an interlocutory decree of divorce from the petitioner in March 1956 and a final decree was entered on April 15, 1957. The two children lived with Dorothy, in Oakland, during 1957 but they visited with their father every Sunday during 1957 from 9 A.M. until 8 P.M., and every *221 Tuesday and Thursday from 6 to 8 P.M., during the first five months, and from 4:30 to 8 P.M. during the last seven months of 1957. The petitioner also had the children with him for two full weeks in August 1957. Dorothy was employed during 1957 as a laboratory assistant at the Naval Air Station in Alameda and received wages of $3,261, after taxes. An order of the Court required the petitioner to pay Dorothy $60 a month for the support of each child, a total of $1,440. He made the required payments during 1957. He also made other payments directly for their support during 1957 in the total amount of at least $700. The total of the cost of the support of the two children for 1957 was less than $4,200. The petitioner paid more than one-half of the support of the two children during 1957. Opinion The evidence shows that each of the parents of the two minor children furnished a substantial amount for their support during 1957 and it is unfortunate that each did not take one dependent credit. The petitioner, at the Court's suggestion, indicated his willingness to settle on that basis and Government counsel apparently tried unsuccessfully to accomplish such a settlement. It is *222 thus necessary to decide which parent supplied the greater support and allow both credits to that one. Both parents testified. They were unfriendly. The petitioner was required by the Court order to pay $60 a month for the support of each child and, despite some confusion in the record, it is reasonably clear that he made all such required payments or a total of $1,440 in 1957. He testified to other payments, some based upon estimates. His estimates impressed the Court as fair and reasonable. Dorothy, called by the Government, testified to a number of support items each one of which involved an estimate by her. She thus built up a total of about $3,900 to which would have to be added items separately paid by the petitioner. However, the Court cannot accept Dorothy's figure of $3,900. It involves errors in computation and a number of her estimates appear in the light of all of the evidence, to be excessive and too favorable to her own interest in this matter. The Court has concluded from a careful consideration of the entire record that the total amount of the support of the two children during 1957 was less than twice the amount paid by the petitioner during 1957 for their support. *223 Decision will be entered for the petitioner.